UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CINDY H. TRAN,                          No.  2:19-cv-00912-JAM-DB

                Plaintiff,

        v.                              **SUA SPONTE ORDER REMANDING
                                        ACTION TO STATE COURT**
DON CLIFTON,

                Defendant.

The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.  See Local Rule 302(d) ("Notwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge.").

On May 21, 2019, Defendant Don Clifton filed a Notice of Removal with this Court, seeking to remove an action from Sacramento County Superior Court.  Notice of Removal, ECF No. 1. For the following reasons, the Court sua sponte REMANDS this case to Sacramento County Superior Court.

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a

1

defendant seeking to remove an action to federal court must file

a notice of removal within thirty days of receiving a copy of the

initial pleading.  28 U.S.C. § 1446(b).  A defendant seeking

removal of an action to federal court has the burden of

establishing federal jurisdiction in the case.  California ex

rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Defendant is attempting to remove an unlawful detainer

action based on federal subject matter jurisdiction.  Notice of

Removal at 2.  Defendant asserts that the case involves the

Protecting Tenants at Foreclosure Act of 2009 ("PTFA").  Pub.L.

No. 111-22, § 701-04, 123 Stat. 1632, 1660-62 (2009).

Federal courts are courts of limited jurisdiction and lack

inherent or general subject matter jurisdiction.  Federal courts

can adjudicate only those cases authorized by the United States

Constitution and Congress.  Generally, those cases involve

diversity of citizenship or a federal question, or cases in which

the United States is a party.  Kokkonen v. Guardian Life Ins.

Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545

(1989).  Federal courts are presumptively without jurisdiction

over civil actions.  Kokkonen, 511 U.S. at 377.  Lack of subject

matter jurisdiction is never waived and may be raised by the

Court sua sponte.  Attorneys Trust v. Videotape Computer Prods.,

Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  "Nothing is to be

more jealously guarded by a court than its jurisdiction.

Jurisdiction is what its power rests upon.  Without jurisdiction

it is nothing."  In re Mooney, 841 F.2d 1003, 1006 (9th Cir.

1988).

The Ninth Circuit has held that the removal statute should

1 be strictly construed in favor of remand and against removal.

2 Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir.

3 2005). The "strong presumption" against removal jurisdiction

4 means that the defendant always has the burden of establishing

5 that removal is proper. Nishimoto v. Federman-Bachrach &

6 Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche

7 Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Federal

8 jurisdiction must be rejected if there is any doubt as to the

9 right of removal in the first instance. Gaus v. Miles, Inc., 980

10 F.2d 564, 566 (9th Cir. 1992).

11 In this case, Defendant is unable to establish subject

12 matter jurisdiction before this Court because the complaint filed

13 in the state court contains a single cause of action for unlawful

14 detainer. Unlawful detainer actions are strictly within the

15 province of state court. A defendant's attempt to create federal

16 subject matter jurisdiction by adding claims or defenses to a

17 notice of removal will not succeed. Vaden v. Discover Bank, 556

18 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest

19 upon an actual or anticipated counterclaim"); Valles v. Ivy Hill

20 Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law

21 defense to a state-law claim does not confer jurisdiction on a

22 federal court, even if the defense is that of federal preemption

23 and is anticipated in the plaintiff's complaint.").

24 In determining the presence or absence of federal

25 jurisdiction in removal cases, the "well-pleaded complaint rule"

26 applies, "which provides that federal jurisdiction exists only

27 when a federal question is presented on the face of the

28 plaintiff's properly pleaded complaint." Caterpillar Inc. v.

3

1 | Williams, 482 U.S. 386, 392 (1987).  Moreover, "it is well

2 | established that plaintiff is the 'master of her complaint' and

3 | can plead to avoid federal jurisdiction."  Lowdermilk v. U.S.

4 | Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007); Metro.

5 | Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v.

6 | First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law

7 | that a cause of action arises under federal law only when the

8 | plaintiff's well-pleaded complaint raises issues of federal

9 | law.").

10 | Plaintiff's complaint raises a single state law claim.  The

11 | face of a properly-pled state law unlawful detainer action does

12 | not present a federal question.  Therefore, Plaintiff's complaint

13 | avoids federal question jurisdiction.  Defendant cannot inject a

14 | federal issue through his answer or demurrer.

15 | Accordingly, the Court REMANDS this case to Sacramento

16 | County Superior Court for all future proceedings.  Defendant's

17 | motions to proceed in forma pauperis, ECF Nos. 2, is DENIED as

18 | moot.

19 | Dated:    May 21, 2019

20 | /s/ John A. Mendez_____

21 | United States District Court Judge